[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 18, 1989 the appellant filed an application for a site plan and a special use to construct a building to house a child daycare center on premises located in a R-4 zoning district wherein daycare centers for children are permitted uses, subject to site plan and special use approval.
On November 16, 1989 the appellee commission held a public hearing on said application and on December 7, 1989 said appellee commission voted to deny the appellant's application for the CT Page 3345 stated reason of "noise" and "disruption of residential character."
A hearing was held before this court on this matter on August 29, 1990.
At said hearing only the appellant testified.
After hearing the testimony of the appellant this court finds aggrievement on said appellant's part.
The appellant's status as owner of the subject property established that he had a specific personal and legal interest in the subject matter of the appellee commission's decision denying the application for a site plan and a special use and that his personal and legal interest in the subject property were specifically and injuriously affected.
It is clear from the Branford Zoning Regulations that an application for site plan approval is made for uses generally permitted in the district to aid the commission in determining if the building, use or structure conforms within the specific provision of the zoning regulations.
If it does, the commission must approve the site plan.
If it does not, the commission can only modify it so as to have it comply with the standards set forth in the regulations and to assure the accomplishment of the objectives set out in the regulations.
A special use application includes a site plan application but also must address requirements specific to the proposed use. If the requirements are not met the application must be denied.
The appellee commission was acting in an administrative capacity when it heard the appellant's application for site plan and special use approval.
The law is clear that a court in reviewing the decision of a local zoning authority acting within its administrative capacity is limited to a determination, principally on the record before the zoning board, whether the zoning board acted illegally, arbitrarily or in abuse of the discretion vested in it.
When a zoning authority has stated the reasons for the denial, and here they were discussed fully and completely by the appellee commission, the reviewing court must examine the reasons to determine if they are reasonably supported by the record.
There is no question that courts cannot substitute their CT Page 3346 judgment for the wide and liberal discretion vested in the local zoning authority.
The above is true for the first reason stated by the appellee commission for denying the appellant's application, "noise" but not for the second.
The second reason for the denial was "disruptive of residential character."
Although this court empathizes with the residents of Spice Bush Lane, the fact remains that Spice Bush Lane is in a R-4 zoning district and that within such a district daycare centers for children are permitted uses.
Notwithstanding the fact that this case involves not only a site plan but also a special use application, the law is clear that the designation of a particular use of property as a permitted use establishes a conclusive presumption that said use does not adversely affect the district and precludes further inquiry into its effect on traffic, property values or the general harmony of the district.
It is also very clear that property whose use constitutes a permitted use is not immune from regulation under the laws of nuisance or other applicable statutes such as those related to public safety. There is nothing in this record to substantiate a claim of nuisance or a public safety hazard under the guise of "disruptive of residential character."
Therefore, the second reason for denial is without merit in that the conclusive presumptive that the daycare center would not adversely affect the district has not been rebutted by a substantiated claim of nuisance on the record.
As to the appellee commission's first reason, "noise", there was much discussion on the record of "noise" resulting from the daycare center.
This issue of noise was primarily focused into three areas, first the cars dropping off and picking up the children; secondly the intercom system; and thirdly, the children playing.
Attorney Dillon, representing the residents on Spice Bush Lane, referred the appellee commission to sec. 41.3 of the Branford Zoning Regulations relative to "no noise being transmitted outside the lot where it originates when noise has a sound level . . . which would endanger the public health and safety or impairs safety on or the value and reasonable use of any other lot." CT Page 3347
Residents of Spice Bush Lane also spoke against the appellant's application giving opinions based on conjecture and speculation as to why the appellant's application should be denied.
There were no facts presented by them, only conjecture and speculation.
After reviewing the entire record, this court finds that in applying the standard set forth in sec. 41.3 and 35.5(c) of the Branford Zoning Regulations to the first area of concern, the noise when the children are dropped off and picked up, it is not reasonably supported by the record; as to the second area of concern, the noise from the intercom system, that was answered by Mr. Shelton, page 51 of the transcript of the public hearing, and therefore is not reasonably supported by the record; and as to the third area of concern, the noise emanating from the children playing, Exhibit G in the return of record states very clearly that the noise is mitigated by locating the play yard a minimum of 70' from the nearest neighboring residence and therefore that is not reasonably supported by the record.
Therefore after reviewing this record in its entirety it is clear to this court that the appellee commissions' denial cannot stand.
Accordingly, the appeal is sustained.
DAMIANI, J.